FILED
2008 MAR 25 A 11: 18
U.S. DISTRICT COURT
EASTERN DIST TENN.
BY_____ CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:93-cr-137 |
| ) | Judge Edgar |
| SYLVESTER PRYOR ) | |

## MEMORANDUM AND ORDER

Defendant and federal prisoner Sylvester Pryor ("Pryor") has made a *pro se* motion pursuant to 18 U.S.C. § 3582(c)(2) to modify and reduce his term of imprisonment based on a retroactive application of Amendments 706 and 711 to the United States Sentencing Guidelines adopted by the United States Sentencing Commission. [Doc. No. 100]. 18 U.S.C. § 3582(c)(2) provides that in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, upon motion of the defendant, the Court in its discretion may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, if such a reduction in sentence is consistent with the applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission lists Amendment 706 in U.S.S.G. § 1B1.10(c), as amended by Amendment 711, as being an amendment that may be applied retroactively. Generally, Amendment 706 reduces by two levels the guideline offense levels applicable to drug trafficking offenses involving cocaine base (crack).

Pryor contends that this Court should reduce his term of imprisonment pursuant to 18 U.S.C.

1

/03

§ 3582(c)(2) and U.S.S.G. § 1B1.10 by retroactively applying Amendment 706. Pryor argues that the Court should resentence him to a term of 91 months imprisonment and grant him immediate release from federal imprisonment.

The government opposes the motion. [Doc. No. 101]. After reviewing the record, the Court concludes that Pryor's motion is frivolous. For the reasons expressed by the government in its response, the motion will be summarily denied. The record conclusively shows that Pryor is not eligible for relief under 18 U.S.C. § 3582(c)(2) based on a retroactive application of Amendment 706.

Pryor overlooks the fact that he is currently imprisoned based on a revocation of supervised release. After Pryor was released from imprisonment by the United States Bureau of Prisons ("BOP"), he violated the terms and conditions of his supervised release. His supervised release has been revoked by this Court on two separate occasions.

On February 6, 2004, Pryor was released from the custody of the BOP and he commenced his first term of supervised release. During the time period from February 2004 - September 2004, Pryor committed various violations of the terms and conditions of his supervised release involving his repeated use of marijuana. The Probation Office administered multiple drug screens and Pryor tested positive for marijuana on at least four separate occasions. On September 27, 2004, this Court held a revocation of supervised release hearing. Pryor appeared in person at the hearing, and admitted that he had violated the terms and conditions of his supervised release. On October 13, 2004, this Court entered a judgment of revocation of supervised release and sentenced Pryor to be imprisoned for a term of 12 months.

On September 20, 2005, Pryor was released from the custody of BOP and he commenced

his second term of supervised release. Pryor promptly violated the terms and conditions of his second supervised release. In September and October 2005, Pryor failed multiple drug screens administered by the Probation Office. He tested positive for use of marijuana.

In late October, 2005, Pryor got into a fight with his girlfriend, Denise Dave. A criminal complaint was filed against Pryor in the General Sessions Court in Hamilton County, Tennessee, charging him with assault by pinning his girlfriend down and choking her while Pryor made oral threats to kill her. A warrant was issued for Pryor's arrest on the State of Tennessee assault charge. Pryor then absconded and failed to report to the United States Probation office. Pryor went into hiding from the Probation Office and he sought to evade arrest on the assault charge

Furthermore, on December 22, 2005, a City of Chattanooga police officer observed a motor vehicle being operated by Pryor that had improper vehicle registration. When the police officer stopped the vehicle, Pryor exited the vehicle and attempted to flee on foot, ignoring the officer's commands to halt. The police officer gave chase and eventually caught up to Pryor. When the officer grabbed Pryor's coat, Pryor resisted arrest and hit the officer in the face. A search of Pryor's person uncovered marijuana in his coat pocket and 12 rocks of crack cocaine in his sock. As a result of this incident, Pryor was charged in the General Sessions Court in Hamilton County, Tennessee, with resisting arrest, simple possession of marijuana, possession of crack cocaine for resale, driving on revoked driver's licence, and assault on a police officer.

This Court held a revocation of supervised release hearing on January 23, 2006. Pryor appeared in person at the revocation hearing. Pryor admitted that he had violated the terms and conditions of his supervised release. On January 27, 2006, this Court entered a judgment of revocation of the second term of supervised release and sentenced Pryor to be imprisoned for a term

of 48 months. This is the term of federal imprisonment that he is currently serving.

The bottom line is that Pryor's current term of federal imprisonment is not based on a sentencing guideline range that has subsequently been lowered by the Sentencing Commission under Amendment 706. Consequently, Pryor has not met his burden of showing that he is eligible for relief under 18 U.S.C. § 3582(c)(2) and U.S.S.G. 1B1.10 predicated on a retroactive application of Amendment 706. As the government correctly points out, retroactive Amendment 706 only benefits defendants who are imprisoned on their original sentence for a crack cocaine offense.

U.S.S.G. 1B1.10(a)(2)(B) provides that a reduction of a defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) if an amendment listed in U.S.S.G. 1B1.10(c) does not have the effect of lowering the defendant's applicable guideline range. Application Note 4(A) to U.S.S.G. 1B1.10 provides a specific exclusion for cases involving imprisonment due to revocation of supervised release. It states: "**Exclusion Relating to Revocation**. – Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section [U.S.S.G. 1B1.10] does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release."

After reviewing the record and Application Note 4(A) to U.S.S.G. 1B1.10, the Court concludes that Pryor is not eligible under 18 U.S.C. § 3582(c)(2) and U.S.S.G. 1B1.10 for a reduction of his term of imprisonment based on a retroactive application of Amendment 706. Pryor is currently imprisoned as a result of the revocation of his second term of supervised release. Pryor's federal imprisonment is not based on a sentencing guideline range that has subsequently been lowered by the Sentencing Commission under Amendment 706.

Accordingly, Pryor's motion for relief under 18 U.S.C. § 3582(c)(2) [Doc. No. 100] is

**DENIED.**

SO ORDERED.

ENTER this 25th day of March, 2008.

/s/ R. Allan Edgar
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE